**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cathleen Fleming, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Gurstel, Staloch & Chargo, PA, | ) |
| | ) |
| Defendant. | ) |

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Cathleen Fleming ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Goodyear.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Gurstel, Staloch & Chargo, PA ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant when Plaintiff used a credit card under an agreement with Bank of America Corporation.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly

collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant placed numerous calls to Plaintiff before 8:00 A.M., a time that Defendant knew to be inconvenient to Plaintiff, including, but not limited to the following dates and times:

> May 13, 2010 @ 7:40 A.M.
>
> May 24, 2010 @ 7:14 A.M.

12. Defendant knew or should have known that it was calling before 8:00 AM at Plaintiff's location because it filed a lawsuit against Plaintiff in Arizona, and it has sent correspondence to Plaintiff's address in Arizona.

13. Paragraphs 7, 8 and 9 of the General Allegations in Defendant's Complaint filed against Plaintiff on June 18, 2010 state as follows:

> 7. Pursuant to A.R.S. § 12-341 the prevailing party **will be entitled** to an award of all costs and, pursuant to A.R.S. § 12-341.01, reasonable attorneys' fees incurred in pursuing this action.
>
> 8. Court costs as actually incurred **are chargeable** to Defendant.
>
> 9. In the event of default, reasonable attorneys' fees **chargeable to Defendant are** $750.00 or as actually incurred otherwise.

(See Exhibit 1, attached hereto and incorporated by this reference) (emphasis added).

14. Defendant misrepresented to Plaintiff, that the prevailing party in an action arising out of contract is automatically entitled to attorney fees under A.R.S. § 12-341.01, when attorney's fees are awarded only at the discretion of the trial court.

Complaint - 3

15. Defendant also misrepresented to Plaintiff, that Defendant's court costs and attorneys' fees would be charged to Plaintiff without regard to the outcome of the case, where A.R.S. § 32-1051 prohibits Defendant from attempting to collect any collection fee, attorney's fee, court cost or expenses unless such fees, charges or expenses are justly due from and legally chargeable against the debtor, or have been judicially determined.

16. In addition, Defendant misrepresented to Plaintiff, that in the event of default, Defendant's attorneys' fees would be chargeable to Plaintiff, where A.R.S. § 12-341.01 only applies to contested actions and, unless there is a written contract stating that reasonable attorney's fees will be awarded to the prevailing party in a collection action on the contract, the court will not award attorney's fees in a default judgment.

17. Furthermore, Defendant maintains that it did not seek to collect – as threatened – attorneys' fees from Plaintiff with respect to Defendant's Complaint filed against Plaintiff on June 18, 2010.

18. Defendant also contends that it did not file a motion with the court seeking attorneys' fees from Plaintiff in connection with Defendant's Complaint filed against Plaintiff on June 18, 2010.

19. In connection with the collection of an alleged debt, in a state court lawsuit, Defendant filed a proposed order for stipulated judgment against Plaintiff in the amount of $12,006.82, when Plaintiff had agreed to a stipulated judgment in the amount of only $3,400.00.

20. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer

Complaint - 4

injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. 15 U.S.C. § 1692 c(a)(1) of the FDCPA provides:

> (a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --
>
>   (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;

15 U.S.C. § 1692c.

23. Defendant violated § 1692c(a)(1) of the FDCPA as detailed above, including but not limited to, placing calls to Plaintiff on May 13, 2010 at 7:40 AM and on May 24, 2010 at 7:14 AM, when it knew or should have known that calling at such times is inconvenient to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. 15 U.S.C. § 1692 e(2)(A) of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of--
> (A) the character, amount, or legal status of any debt;

15 U.S.C. §1692e(2)(A).

26. Defendant violated § 1692e(2)(A) of the FDCPA as detailed above by misrepresenting to Plaintiff, including but not limited to:

    a. that the prevailing party in an action arising out of contract is automatically entitled to attorney fees under A.R.S. § 12-341.01, when attorney's fees are awarded only at the discretion of the trial court;

    b. that Defendant's court costs and attorneys' fees would be charged to Plaintiff without regard to the outcome of the case, where A.R.S. § 32-1051 prohibits Defendant from attempting to collect any collection fee, attorney's fee, court cost or expenses unless such fees, charges or expenses are justly due from and legally chargeable against the debtor, or have been judicially determined; and

    c. that in the event of default, Defendant's attorneys' fees would be chargeable to Plaintiff, where A.R.S. § 12-341.01 only applies to contested actions and, unless there is a written contract stating that reasonable attorney's fees will be awarded to the prevailing party in a collection action on the contract, the court will not award attorney's fees in a default judgment.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the FDCPA § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. 15 U.S.C. § 1692e(5) of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*     \*     \*
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

29. Defendant violated § 1692e(5) of the FDCPA as detailed above by threatening to take action to collect from Plaintiff Defendant's attorneys' fees and costs relating to its lawsuit against Plaintiff, when it did not intend to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

30. Plaintiff repeats and re-alleges each and every allegation contained above.

31. 15 U.S.C. § 1692 e(10) of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e(10).

32. Defendant violated § 1692e(10) of the FDCPA as detailed above by falsely representing to Plaintiff, in order to collect or attempt to collect a debt from her, including but not limited to as follows:

a. Defendant misrepresented that the prevailing party in an action arising out of contract is automatically entitled to attorney fees under A.R.S. § 12-341.01, when attorney's fees are awarded only at the discretion of the trial court;

b. Defendant misrepresented that Defendant's court costs and attorneys' fees would be charged to Plaintiff without regard to the outcome of the case,

      where A.R.S. § 32-1051 prohibits Defendant from attempting to collect any collection fee, attorney's fee, court cost or expenses unless such fees, charges or expenses are justly due from and legally chargeable against the debtor, or have been judicially determined;

c. Defendant misrepresented that in the event of default, Defendant's attorneys' fees would be chargeable to Plaintiff, where A.R.S. § 12-341.01 only applies to contested actions and, unless there is a written contract stating that reasonable attorney's fees will be awarded to the prevailing party in a collection action on the contract, the court will not award attorney's fees in a default judgment; and

d. Defendant misrepresented to the court, in connection with the collection of an alleged debt in a state court lawsuit, that Plaintiff had agreed to a stipulated judgment in the amount of $12,006.82 by Defendant's filing of a proposed order for stipulated judgment against Plaintiff for same, when Plaintiff had agreed to a stipulated judgment in the amount of only $3,400.00.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

33. Plaintiff repeats and re-alleges each and every allegation contained above.

34. 15 U.S.C. § 1692f of the FDCPA prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

35. Defendant violated § 1692f of the FDCPA as detailed above by using unfair or unconscionable means to collect a debt from Plaintiff including, but not limited to, "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

36. Defendant used the following unfair or unconscionable means to collect attorney's fees and costs from Plaintiff that were not authorized by agreement or permitted by law, including but not limited to:

    a. misrepresenting to Plaintiff that the prevailing party in an action arising out of contract is automatically entitled to attorney fees under A.R.S. § 12-

341.01, when attorney's fees are awarded only at the discretion of the trial court;

b. misrepresenting to Plaintiff that Defendant's court costs and attorneys' fees would be charged to Plaintiff without regard to the outcome of the case, where A.R.S. § 32-1051 prohibits Defendant from attempting to collect any collection fee, attorney's fee, court cost or expenses unless such fees, charges or expenses are justly due from and legally chargeable against the debtor, or have been judicially determined; and

c. Misrepresenting to Plaintiff that in the event of default, Defendant's attorneys' fees would be chargeable to Plaintiff, where A.R.S. § 12-341.01 only applies to contested actions and, unless there is a written contract stating that reasonable attorney's fees will be awarded to the prevailing party in a collection action on the contract, the court will not award attorney's fees in a default judgment.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 19th day of October, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff